# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICHIE GREEN,**<br><br>*Plaintiff*,<br><br>v.<br><br>**KEAGAN WAYSTACK, DEBRA GOMEZ, GREGORY BUSHWAY, STEPHEN BRADLEY,**<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:18-cv-00042-TES** |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Defendants Waystack, Bradley[1], and Bushway filed Motions to Dismiss [Docs. 13, 18] Plaintiff's claims against them. For the following reasons, the Court **GRANTS** both motions.

## FACTUAL BACKGROUND

### A. Plaintiff's Amended Complaint [Doc. 4]

Plaintiff's Amended Complaint [Doc. 4][2] sets forth the following facts, which the

---

[1] *See* Order Granting Plaintiff's Motion for Substitution of Party. [Doc. 37].

[2] As a preliminary matter, the Court addresses the discrepancy between Plaintiff's Complaint [Doc. 1] and Amended Complaint [Doc. 4], each of which contains an entirely separate grouping of attached documents. *See generally* [Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6; Docs. 4-1, 4-2, 4-3].

While inclusion of matters outside the pleadings typically converts a Motion to Dismiss to a Motion for Summary Judgment, the Court need not make this conversion if the attachments are undisputedly

Court assumes to be true for the purposes of ruling on Defendants' Motions to Dismiss [Docs. 13, 18]. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff Richie Green brought suit under 42 U.S.C. § 1983 against Defendants Keagan Waystack and Gregory Bushway, former Assistant District Attorneys for the Ocmulgee Judicial Circuit, in their official capacity; Defendant Debra Gomez, Plaintiff's former counsel; and Defendant Stephen Bradley, current District Attorney for the Ocmulgee Judicial Circuit, in his official capacity. [Doc. 4, at 2-3]. Plaintiff alleges that all Defendants acted under color of state law and deprived him of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by coercing him to accept an illegal plea agreement. [Doc. 4, at 3, 4, 5].

---

authentic and central to the plaintiff's claim. *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Such is the case here.

Nonetheless, exhibits to a pleading constitute part of the pleading itself, and as a matter of law, an amended complaint supersedes former pleadings, which are "abandoned" and "become a legal nullity". Fed. R. Civ. P. 10(c); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Eleventh Circuit law "do[es] not permit a district court to consider, on a motion to dismiss, exhibits attached to an earlier complaint that a plaintiff has expressly disavowed or rejected as untrue in a subsequent amended complaint." *Hoefling*, 811 F.3d at 1277. In the instant matter, however, Plaintiff does not appear to disavow the attachments to his original Complaint [Doc. 1], which are consistent with the allegations contained in the Amended Complaint [Doc. 4]. Thus, this case is distinguishable from *Hoefling*. Furthermore, a statement in a pleading may be adopted by reference elsewhere in any other pleading, and Defendants Bradley and Bushway explicitly reference attachments to Plaintiff's original Complaint in their Motion to Dismiss. Fed. R. Civ. P. 10(c); [Doc. 18-1, at 1, 2].

Finally, while *pro se* plaintiffs must adhere to the procedural rules governing all litigants, the Court reviews *pro se* complaints more liberally than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Am. Tobacco Co.*, 173 F.R.D. 546, 546 (M.D. Ga. 1997); *see also* Fed. Rule Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Accordingly, the Court considered the attachments to Plaintiff's original Complaint [Docs. 1-1—1-6] when ruling on Defendants' Motion to Dismiss. [Docs. 13, 18].

On April 20, 2011, Plaintiff, while awaiting trial in the Superior Court of Jones County on charges of child molestation, began negotiating a potential plea agreement with Defendant Waystack[3]. [*Id.*, at 5]. Plaintiff avers that his counsel, Defendant Gomez, made several disconcerting remarks during the negotiation process and encouraged Plaintiff to accept the proposed plea deal. [*Id.*]. For example, Defendant Gomez stated that Waystack was "going thru [sic] a divorce so she is very serious," and informed Plaintiff that "the district attorney said 'if she has to work on Easter weekend to prepare for [Plaintiff's] trial she is going to recommend a sixty years [sic] sentence.' " [*Id.*]. Defendant Gomez also explained to Plaintiff, who had previously suffered a major stroke, that he would not receive adequate healthcare if incarcerated and thus "would not survive in prison." [*Id.*]. On April 25, 2011, Plaintiff ultimately accepted a plea deal and pled guilty to three counts of child molestation in exchange for 15 years' probation under the First Offender program. *See* O.C.G.A. § 42-8-60; [Doc. 4, at 5].

On March 6, 2013, the Georgia Court of Appeals held that an individual convicted of a sex offense cannot be sentenced as a first offender under O.C.G.A. § 42-8-60. *Tew v. State*, 739 S.E.2d 423, 426-27 (Ga. Ct. App. 2013). *Tew* thus invalidated Plaintiff's sentence, rendering it illegal. *State v. Hamilton*, 517 S.E.2d. 583, 584 (Ga. Ct. App. 1999) (holding that the sentence of an individual who was improperly granted probation under O.C.G.A. §

---

[3] Defendant Waystack was the Assistant District Attorney primarily responsible for prosecuting Plaintiff's case.

42-8-60 was "illegal and therefore completely void"). Plaintiff learned of this ruling in November 2015, at which time he sought legal representation to no avail. [Doc. 4, at 5]. Plaintiff eventually retained attorney Michael Katz, who submitted an Extraordinary Motion to Withdraw Plea/Motion to Vacate Conviction/Correct Sentence. [Doc. 1-5, at 11-13]. The Jones County Superior Court granted the motion on December 19, 2017, allowing Plaintiff to withdraw his plea and effectively vacating his sentence. [Doc. 1-5, at 1-3]. At that time, the Assistant District Attorney declined to reinstate charges after the alleged victim submitted an affidavit stating that she would not assist in further criminal prosecution. [Doc. 1-5, at 4-5].

Following the withdrawal of his plea, Plaintiff brought this action,[4] asserting that he accepted the invalid plea deal under duress. Plaintiff alleges that "Keagan Goodrich[5] use [sic] the threat of sixty years [sic] imprisonment" to force him to assent to the plea agreement's "illusory promise." [Doc. 4, at 4]. Plaintiff contends that Defendant Bradley,

---

[4] Plaintiff claims that a major stroke in 2007, a mini-stroke in May 2015, and another major stroke in August 2015 caused a disability and delayed the filing of his lawsuit. [Doc. 4-1, at 1]. While the Court accepts these facts as true, Plaintiff's argument regarding the statute of limitations [Doc. 4-1, at 1-2] is inapposite. With regards to § 1983 actions, settled precedent requires the Court to apply the forum state's statute of limitations for personal injury suits. *Wood v. Kelly*, 720 F. App'x 532, 535 (11th Cir. 2017). Georgia adheres to a two-year statute of limitations for personal injury actions. *See* O.C.G.A. § 9-3-33.

Although Plaintiff argues that his disability suspends the statute of limitations under Georgia law, the relevant statutory provision tolls the statute of limitations only for "individuals who are legally incompetent because of intellectual disability or mental illness." O.C.G.A. § 9-3-90; *see also Larson v. Grayer*, No. 1:09-CV-1501-RWS, 2010 WL 3730971, at *2 (N.D. Ga. Sept. 20, 2010) ("physical disability alone does not toll the time limitation"). Because Plaintiff has failed to demonstrate an intellectual disability, his argument regarding the statute of limitations is incorrect.

[5] At that time, Defendant Waystack's married name was Keagan Goodrich.

4

as District Attorney, is equally culpable with regards to the coerced plea. [*Id.*]. Finally, Plaintiff argues that Defendant Gomez, who advised Plaintiff to accept the plea agreement, was "complaisant [sic] in the fraud and coercion." [*Id.*]. As a result of the plea agreement, Plaintiff contends he suffered the stigma of being labeled a sex offender and felon, as well as various financial losses, and seeks removal of his name from the sex offender registry and money damages. [Doc. 4, at 6].

B. **Defendants' Motions to Dismiss [Docs. 13, 18]**

1. **Defendant Waystack [Doc. 13]**

Defendant Waystack filed the instant Motion to Dismiss [Doc. 13] on March 28, 2018. Defendant Waystack argues that the doctrine of prosecutorial immunity and the Eleventh Amendment bar Plaintiff's claims against her in her official capacity. [Doc. 14, at 5-9]. Defendant Waystack also asserts that, under § 1983, she is not a "person" against whom Plaintiff may bring a claim, and that, even if the Court construes Plaintiff's action as an individual capacity suit, she is still protected by the doctrine of qualified immunity. [*Id.*, at 9-11].

2. **Defendants Bradley and Bushway [Doc. 18]**

Shortly thereafter, Defendants Bradley and Bushway filed a similar Motion to Dismiss [Doc. 18],[6] raising, *inter alia*, Eleventh Amendment immunity. Specific to their respective Motion to Dismiss [Doc. 18], Defendants Bradley and Bushway also contend

---

[6] The court notes that Defendant Gomez is the only defendant who has yet to file a Motion to Dismiss.

5

that Plaintiff fails to state a claim for Defendant Bradley's supervisory liability and fails to make any factual allegations against Defendant Bushway. [Doc. 18-1, at 6-7].

### C. Plaintiff's Response to Defendant Waystack and Defendants Bradley and Bushway's Motions to Dismiss [Doc . 24]

Plaintiff subsequently filed a Response to Defendants' Motions to Dismiss [Doc. 24]. Therein, Plaintiff restated many of his allegations from the Amended Complaint [Doc. 4]. [*Id.*, at 1-2]. Plaintiff also argued that Defendants Waystack, Bradley, and Bushway are not entitled to prosecutorial immunity because they fulfilled administrative, investigative, and legislative functions while negotiating the plea deal. [*Id.*, at 3]. Finally, Plaintiff presented new claims that Defendants violated Title II of the Americans with Disabilities Act and are therefore not protected from suit in federal court by the Eleventh Amendment. [*Id.*, at 1, 4].

### D. Defendants' Replies to Plaintiff's Response [Docs. 26, 29]

#### 1. Defendant Waystack

Defendant Waystack filed a Reply to Plaintiff's Response to Defendants' Motions to Dismiss [Doc. 29], arguing that Plaintiff may not further amend his complaint by bringing new allegations in a responsive brief. [Doc. 29, at 1-2]. Defendant Waystack also refuted Plaintiff's argument that she performed administrative, investigative, and legislative activities with regards to the plea agreement. [*Id.*, at 2-3].

### 2. Defendants Bradley and Bushway

Defendants Bradley and Bushway submitted their own Reply to Plaintiff's Response to Defendants' Motions to Dismiss [Doc. 26], asserting, like Defendant Waystack, that Plaintiff may not further amend his Amended Complaint [Doc. 4] via subsequent brief, and that Defendants did not act outside the scope of their prosecutorial roles. [Doc. 26, at 1, 2]. Also in their Reply [Doc. 26], Defendants Bradley and Bushway maintain that Plaintiff failed to rebut their arguments regarding the Eleventh Amendment, the definition of "persons" under § 1983, supervisory liability, and qualified immunity. [*Id.*, at 2-4].

### E. Plaintiff's Surreply to Defendants' Replies [Doc. 31]

Finally, Plaintiff filed a Surreply to Defendants' Replies [Doc. 31].[7] In this brief, Plaintiff expands his argument that Defendants exceeded their prosecutorial function by "investigat[ing] what plea agreement [was] legal," "deciding what plea agreement to offer," and "chang[ing] the Georgia law." [*Id.*, at 2]. He also alleges that Defendants Bradley and Bushway are subject to vicarious liability for failing to adequately supervise Defendant Waystack's plea offer in violation of the Georgia Rules of Professional

---

[7] Under Local Rule 7.3.1, "[b]riefing of any motion or issue concludes when the movant files a reply brief"; as such, "[a] party desiring to file a surreply brief must move in writing for permission to do so within fourteen (14) days of the filing of the brief to which reply is desired, succinctly specifying the reasons why additional briefing is necessary." Local Rule M.D. Ga. 7.3.1(A), (C). However, given Plaintiff's status as a *pro se* litigant, the Court liberally construes his filing [Doc. 31] as a motion to file a surreply, which the Court **GRANTS**. *See Mann v. Ameris Bank*, No. 7:16-CV-146 (WLS), 2017 WL 6629261, at *n.1 (M.D. Ga. May 11, 2017).

7

Conduct. Plaintiff concludes his filing by asserting that Defendants are exempt from qualified immunity because they infringed upon his Fourteenth Amendment rights and violated Georgia's First Offender statute. [*Id.*, at 4].

## DISCUSSION

The following discussion applies to Defendant Waystack's and Defendants Bradley and Bushway's Motions to Dismiss [Docs. 13, 18].

### A. Standard of Review Governing Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants seek dismissal of Plaintiff's action against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As a threshold matter, a district court ruling on a motion to dismiss pursuant to Rule 12(b)(6) must accept as true the facts set forth in the complaint, construing them in the light most favorable to the plaintiff and drawing all reasonable inferences from them. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018).

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. While not akin to a "probability requirement," the plausibility standard demands more than a mere possibility that a defendant has acted unlawfully. *Id*; *see also Twombly*, 550 U.S. at 556.

While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Moreover, it is well established that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not constitute a sufficient claim. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. Thus, when assessing the plausibility of a complaint, a court should execute a two-pronged approach, first eliminating any such conclusory legal allegations, then determining whether the remaining factual allegations entitle the plaintiff to relief. *See Iqbal*, 556 U.S. at 679; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

With the foregoing standard in mind, and taking the facts asserted in Plaintiff's Amended Complaint [Doc. 4] as true, the Court **GRANTS** Defendants Waystack, Bradley, and Bushway's Motions to Dismiss [Docs. 13, 18] for the various reasons stated below.

### B. <u>Prosecutorial Immunity</u>

In their respective motions, Defendants Waystack, Bradley, and Bushway correctly argue that they possess absolutely immunity from Plaintiff's suit. [Doc. 14, at 5-8; Doc. 18-1, at 5-6]. While § 1983's plain language contains no exceptions, the Supreme Court has held that the statute does not abrogate reasonable, historically-grounded common law immunities. *See Imbler v. Pachtman*, 424 U.S. 409, 418 (1976) (citing *Tenney v.*

*Brandhove*, 341 U.S. 367, 376 (1951)). One such common law category is prosecutorial immunity.

Prosecutors possess absolute immunity from civil suits, including § 1983 actions, arising out of "the judicial phase of the criminal process," or, in other words, performance of their official duties. *See Imbler*, 424 U.S. at 430; *see also Burns v. Reed*, 500 U.S. 478, 485-86 (1991). Without absolute immunity, courts have reasoned, the threat of § 1983 lawsuits would undermine prosecutors' performance of their duties and adversely impact the functioning of the criminal justice system. *Imbler*, 424 U.S. at 424, 426.

Absolute immunity protects a spectrum of traditional prosecutorial conduct such as initiating a prosecution, participating in a probable cause hearing, preparing for trial, arguing the State's case, and presenting evidence at post-sentencing habeas corpus proceedings. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993); *Burns*, 500 U.S. at 490-91; *Imbler*, 424 U.S. at 431; *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Prosecutorial immunity, however, does not extend to "administrative duties" or "investigatory functions" that do not relate to a prosecutor's "role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Despite Plaintiff's assertions to the contrary, the instant claims against Defendants clearly arise out of the performance of their official duties during the judicial phase of the criminal process. Therefore, Defendants possess absolute prosecutorial immunity. In his Response to Defendants' Motions to Dismiss [Doc. 24] and Surreply to Defendants'

Replies [Doc. 31], Plaintiff contends that Defendants' actions in preparing and negotiating his plea agreement were administrative and investigatory, thus falling outside the scope of prosecutorial immunity. [Doc. 24, at 3; Doc. 31, at 2]. This assertion is incorrect, "[b]ecause plea negotiations are an essential element of the criminal justice system, [and] a prosecutor's actions in the plea-bargaining process are protected by absolute prosecutorial immunity." *Vila v. Wadlington*, No. 17-0134-KD-MU, slip op. at *5 (S.D. Ala. Apr. 13, 2018). Defendants' actions cannot be viewed as administrative or investigatory; thus, absolute prosecutorial immunity shields them from Plaintiff's § 1983 action.

### C. The Eleventh Amendment

Moreover, the Eleventh Amendment bars Plaintiff's claims against Defendants Waystack, Bradley, and Bushway. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Accordingly, the Amendment precludes actions against an unconsenting State brought in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 167, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The State of Georgia has not waived its Eleventh Amendment immunity and therefore has not consented to be sued in this Court. *See* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the

11

United States."). The Georgia Constitution further provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officer, or employees by the United States Constitution." GA. CONST. Art. I, § 2, ¶ 9(f). Thus, Georgia is an "unconsenting state" that cannot be sued in federal court.

While the Eleventh Amendment's plain language only enjoins suits against a State brought by citizens of another State, courts have construed it as barring suits against a State brought by its own citizens. *See, e.g., Bd. of Tr.s of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 72-73 (2000); *McClendon v. Ga. Dept. of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (holding that the Eleventh Amendment does not automatically deprive the federal court of original jurisdiction in a case brought against the state by a private party, but rather grants the state legal power to assert sovereign immunity defense should it do so). Because Plaintiff is a Georgia citizen [Doc. 4, at 2], the Eleventh Amendment prevents him from asserting claims against the state of Georgia in federal court.

As Defendants correctly state, the Eleventh Amendment prohibition of suits against an unconsenting State extends equally to actions against state agents in their official capacity. *See Graham*, 473 U.S. at 166 ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); [Doc. 14, at 8-9; Doc. 18-1, at 4]. In other words, federal courts lack jurisdiction to hear claims brought against state

officials acting in their official capacity. *Williams v. Monroe Cty. Dist. Attorney*, 702 F. App'x 812, 813 (11th Cir. 2017). Furthermore, the Eleventh Circuit in *Williams* specifically held that the Eleventh Amendment bars official-capacity claims against district attorneys. *Id.* at 814.[8] Since Defendants Waystack, Bradley, and Bushway are being sued in their official capacities as district attorney (Defendant Bradley) and former assistant district attorneys (Defendants Waystack and Bushway), and they assert a sovereign immunity defense, it deprives the Court from hearing Plaintiff's claims against them.

Finally, courts have recognized the vital role of the doctrine of sovereign immunity within the federal judicial system and expressly declined to exempt § 1983 actions. *Pennhurst*, 465 U.S. at 99; *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-68 (1989). Indeed, "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so alter the federal-state balance." *Will*, 491 U.S. at 66. Hence, settled law sanctions Defendants' assertions of Eleventh Amendment immunity against Plaintiff's § 1983 action.

In short, the Eleventh Amendment bars § 1983 claims brought against an unconsenting State or its officials, including district attorneys, in federal court. Plaintiff has brought a § 1983 action, Defendants are district attorneys being sued in their official

---

[8] Defendants are also entitled to Eleventh Amendment immunity under Georgia law. *See* GA. CONST. Art. VI, § 8, ¶ I(e) ("District attorneys shall enjoy absolute immunity from private suit for actions arising from the performance of their duties"); *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) ("To determine whether a state official is protected by Eleventh immunity, we consider the laws of the state in question.").

capacity, and the State of Georgia has not waived its Eleventh Amendment immunity. Accordingly, the Court lacks jurisdiction to hear Plaintiff's claims.[9]

### D. "Persons" Under § 1983

Next, Defendants Waystack, Bradley, and Bushway argue that they are not "persons" amendable to suit under § 1983. [Doc. 14, at 9-10; Doc. 18-1, at 4-5]. Section 1983 provides the exclusive federal remedy against "persons" who deprive individuals of their Constitutional rights and protections. 42 U.S.C. § 1983 (2018). However, neither a state nor its agents acting in their official capacities are "persons" within the meaning of § 1983. *Will*, 491 U.S. at 71.

Because Defendants Waystack, Bradley, and Bushway are state agents being sued in their official capacity, they are not "persons" subject to suit under § 1983. As such, the Court must dismiss Plaintiff's claims against them on this additional basis.

### E. Plaintiff's Supervisory Liability Claims Against Defendants Bradley and Bushway

To the extent that Plaintiff attempts to state supervisory liability claims against Defendants Bradley and Bushway, these claims fail. In the Eleventh Circuit, supervisors cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. *Keith v. DeKalb Cty.*, 749 F.3d 1034, 1047 (11th Cir. 2014). Rather, to state a

---

[9] In his Reply to Defendants' Motions to Dismiss [Doc. 24], Plaintiff argues that Defendants do not possess Eleventh Amendment immunity under Title II of the Americans with Disabilities Act. [Doc. 24, at 4]. While Title II of the ADA does abrogate sovereign immunity under the Eleventh Amendment (*see* 42 U.S.C. § 12202 (2018); *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004)), this assertion does not affect Plaintiff's § 1983 claims, from which Defendants are immune in federal court.

14

claim against a supervisory official, a plaintiff must show that either the supervisor directly participated in the unconstitutional conduct, or a "causal connection" exists between the supervisor's actions and the alleged constitutional violation. *Id.* at 1047-48. A plaintiff establishes this causal connection by showing that the supervisor: 1) was on notice of a "history of widespread abuse" but failed to take corrective action, 2) had instituted or maintained a policy condoning the constitutional violation, or 3) knew that his subordinates would act unlawfully and failed to stop them from doing so. *Id.* at 1048 (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). In short, supervisory liability claims are subject to judicial scrutiny under an "extremely rigorous" standard. *Id.* (citing *Cottone*, 326 F.3d at 1360).

Plaintiff's Amended Complaint [Doc. 4] fails to plead a sufficient supervisory liability claim against Defendants Bradley and Bushway. To start, Plaintiff's Amended Complaint [Doc. 4] contains no facts demonstrating that these Defendants were personally involved in the allegedly unconstitutional conduct of negotiating the plea deal.[10] Furthermore, Plaintiff fails to plead specific facts that demonstrate an adequate causal connection between Defendants' actions and the alleged violations. Because Plaintiff places Defendants Bradley and Bushway's liability solely on their positions of

---

[10] Plaintiff's Surreply [Doc. 31] asserts some level of personal involvement by Defendants Bradley and Bushway, claiming that they signed off on Defendant Waystack's proposed plea agreement and "directed subordinate Defendant Waystack to act unlawfully." [Doc. 31, at 2, 3]. However, Plaintiff may not raise new factual assertions, thereby functionally amending his Amended Complaint [Doc. 4], in a response brief. *See infra*, note 7.

15

authority within the Ocmulgee Judicial Circuit District Attorney's Office at the time of his plea agreement, these claims lacks the "facial plausibility" required to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678. Without further factual enhancement, the Court cannot "draw a reasonable inference that the defendant[s] [are] liable for the alleged misconduct" and must dismiss Plaintiff's supervisory liability claims. *Id.*

### F. **Plaintiff's Claim Against Defendant Bushway**

Finally, Plaintiff fails to state a claim against Defendant Bushway. In order to survive a motion to dismiss, a complaint must contain specific facts that associate the defendant with the alleged harm; merely naming a defendant within the caption is insufficient to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008).

While the Amended Complaint's caption names Defendant Bushway as a party to the action [Doc. 4, at 3], Plaintiff makes no specific allegations against him in the original Complaint [Doc. 1], nor in the Amended Complaint [Doc. 4].[11] Because Plaintiff fails to

---

[11] In later filings, Plaintiff argues that Defendant Bushway is liable for failing to properly train and supervise Defendant Waystack [Doc. 24, at 2, 3; Doc. 31, at 3]. However, as Defendants note in their respective Replies to Plaintiff's Response to Defendants' Motion to Dismiss [Docs. 26, 29], Plaintiff may not amend his Complaint by raising new allegations in a response brief. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (holding that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal); *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.").

demonstrate any factual nexus between Defendant Bushway and the alleged constitutional violations, the Court dismisses Plaintiff's claims against Defendant Bushway for this additional reason. *See Douglas*, 535 F.3d at 1322.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Waystack, Bradley, and Bushway's Motions to Dismiss [Docs. 13, 18].

**SO ORDERED**, this 22nd day of June, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

Furthermore, even if the Court did consider Plaintiff's later allegations, any supervisory liability claims against Defendant Bushway would fail. *See supra* pp. 14-15.