# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICHIE GREEN,**<br><br>*Plaintiff*,<br><br>v.<br><br>**KEAGAN GOODRICH (n/k/a KEAGAN WAYSTACK), DEBRA GÓMEZ, GREGORY BUSHWAY, and STEPHEN BRADLEY,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00042-TES** |

## ORDER GRANTING DEFENDANT GÓMEZ'S MOTION TO DISMISS

Before the Court for consideration is Defendant Gómez's Motion to Dismiss [Doc. 43]. In her motion, she contends, *inter alia*, that Plaintiff's claims are barred by the statute of limitations. After review and careful consideration of the parties' arguments, the Court rules as follows.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Amended Complaint [Doc. 4] sets forth the following facts. On April 20, 2011, Plaintiff, while awaiting trial in the Superior Court of Jones County on charges of child molestation, began negotiating a potential plea agreement. [Doc. 4, at 5]. Plaintiff avers that his counsel, Defendant Gómez, made several disconcerting remarks during the negotiation process and encouraged Plaintiff to accept the proposed agreement. [*Id.*]. On

April 25, 2011, Plaintiff ultimately accepted a plea deal and pled guilty to three counts of child molestation in exchange for 15 years' probation under the First Offender program. *See* O.C.G.A. § 42-8-60; [Doc. 4, at 5].

On March 6, 2013, the Georgia Court of Appeals held that an individual convicted of a sex offense cannot be sentenced as a first offender under O.C.G.A. § 42-8-60. *Tew v. State*, 739 S.E.2d 423, 426-27 (Ga. Ct. App. 2013). *Tew* thus invalidated Plaintiff's sentence, rendering it illegal. *See State v. Hamilton*, 517 S.E.2d. 583, 584 (Ga. Ct. App. 1999) (holding that the sentence of an individual who was improperly granted probation under O.C.G.A. § 42-8-60 was "illegal and therefore completely void"). Plaintiff learned of this ruling in November 2015, at which time he sought legal representation to no avail. [Doc. 4, at 5]. Plaintiff eventually retained attorney Michael Katz, who submitted an Extraordinary Motion to Withdraw Plea/Motion to Vacate Conviction/Correct Sentence. [Doc. 1-5, at 11-13]; [Doc. 4, at 5]. The Jones County Superior Court granted the motion on December 19, 2017, allowing Plaintiff to withdraw his plea and effectively vacating his sentence. [Doc. 1-5, at 1-3].

Following the plea withdrawal, Plaintiff brought this § 1983 action against Defendant Gómez in her individual capacity, asserting that he accepted the invalid plea deal under duress. Plaintiff argues that Defendant Gómez, who advised Plaintiff to accept the plea agreement, was "complaisant [sic] in the [prosecutorial] fraud and coercion." [Doc. 4, at 4].

**DISCUSSION**

I.  Standard of Review Applicable to Motions to Dismiss Under Rule 12(b)(6)

Defendant Gómez filed a Motion to Dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that the statute of limitations bars Plaintiff's claims. [Doc. 43, at 3-4]. In ruling on the Motion [Doc. 43], the Court accepts as true the facts set forth in the Complaint, draws all reasonable inferences from them, and construes them in the light most favorable to Plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018). However, the Court does not accept legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must state a plausible claim for relief, or, in other words, contain sufficient factual content allowing the court to reasonably infer that the defendant is liable for the alleged wrongdoing. *See Iqbal*, 556 U.S. at 678. While not akin to a "probability requirement," the plausibility standard demands more than a mere possibility that a defendant has acted unlawfully. *Id*; *see also Twombly*, 550 U.S. at 556. Moreover, it is well established that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not constitute a sufficient claim. *Iqbal,* 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

However, unique to this case is a statute of limitations defense embedded in a 12(b)(6) motion to dismiss. Defendant's Motion [Doc. 43] is a proper procedural vehicle

3

for raising a statute of limitations defense, because "[a] complaint is subject to dismissal when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Edwards v. Apple Comput., Inc.*, 645 F. App'x 849, 850 (11th Cir. 2016). An argument premised upon the relevant statute of limitations constitutes one such affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). The Eleventh Circuit has held that a claim merits dismissal under 12(b)(6) on statute of limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds*, 410 F.3d 1275, 1288 (11th Cir. 2005), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010), *as recognized in Walter v. Avellino*, 565 F. App'x 464 (11th Cir. 2014).[1]

With the foregoing standard in mind, the Court **GRANTS** Defendant Gómez's Motion to Dismiss [Docs. 43] for the various reasons stated below.

II. Defendant Gómez's Motion to Dismiss

The Court agrees with Defendant Gómez's arguments regarding the statute of limitations.[2] Constitutional claims brought under § 1983 are subject to the forum state's

---

[1] *Tello* also states that "[a]t the motion to dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." 410 F.3d at 1288 n.13 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As the Middle District of Georgia has noted, *see Amy v. Anderson*, No. 5:16-cv-212 (MTT), 2017 WL 1098823, at *1 n.1 (M.D. Ga. Mar. 23, 2017), possible tension exists between *Tello*, which preserved *Conley's* "no set of facts" language, and *Iqbal* and *Twombly*, which refined the *Conley* standard and concluded that complaints must state a "plausible" claim for relief. *Id.*; *Twombly,* 550 U.S. at 556; *Iqbal,* 556 U.S. at 679; *Conley*, 355 U.S. at 45.

However, any possible tension between these holdings is alleviated by the fact that Plaintiff's arguments regarding tolling are deficient as a matter of *law*, and not of fact. *See infra*, p. 6 n.4.

[2] Defendant Gómez did not move to dismiss Plaintiff's complaint because she was not acting under color of state law while negotiating Plaintiff's plea deal and therefore cannot be sued under § 1983. *See* 42 U.S.C.

4

statute of limitations governing personal injury actions. *Wood v. Kelly*, 720 F. App'x 532, 535 (11th Cir. 2017). In Georgia, personal injury suits must be brought within two years after the right of action accrues. O.C.G.A. § 9-3-33. A cause of action pursuant to § 1983

---

§ 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…"); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Had Defendant Gómez raised this argument, Plaintiff's claims against her would be dismissed on this additional basis for the following reasons.

Traditionally, a § 1983 defendant acts under color of state law by 'exercis[ing] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *see also Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013). In the Eleventh Circuit, moreover, "allegations against criminal defense counsel, court appointed or privately retained, do not state a claim under § 1983 because . . . services performed by an attorney in connection with a criminal action, no matter how incompetent, simply do not constitute action under color of state law." *Thompson v. Brogden*, No. 7:06-cv-91 (HL), 2006 WL 2793160, at *5 (M.D. Ga. 2006) (quoting *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (internal quotation marks omitted)). Because Plaintiff's claims against Defendant Gómez arise out of her representation of Plaintiff during criminal proceedings, the allegations in the Complaint fail to state a sufficient § 1983 claim. *See* [Doc. 4, at 4-5].

Defense attorneys may be sued under § 1983, however, if they conspire with someone who did act under color of state law. *Thompson*, 2006 WL 2793160 at *5 (citing *Wahl v. McIver*, 773 F.2d 1169, 1183 (11th Cir. 1985); *see also Tower v. Glover*, 467 U.S. 914, 923 (1984) ("public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials . . . ."). Despite this, naked assertions of conspiracy, unaccompanied by facts suggesting an agreement between the defendants and a common plan to put the agreement into effect, are insufficient to implicate § 1983 liability. *Thompson*, 2006 WL 2793160 at *5 (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *see also Lawal v. Fowler*, 196 F. App'x 765, 767 (11th Cir. 2006) (holding that a plaintiff's "bare assertion that such a conspiracy existed" did not state a claim under § 1983).

Plaintiff, in his Response to Defendant Gómez's Motion to Dismiss [Doc. 46], does mention the existence of a conspiracy: "The plea agreement was entered into involuntarily by the Plaintiff as a result of conspiracy, collusion and coercion employed by the Defendants . . . The conspiracy and collusion accompanied by the duress employed by the Defendants produced the coercion[.]" [Doc. 46, at 1-2]. As the Court stated in its previous Order Granting Defendants' Motions to Dismiss [Doc. 38], Plaintiff may not raise new arguments, thereby functionally amending his complaint, in response to a motion to dismiss. [Doc. 38, at 16 n.11 (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2001))]. Even if the Court did consider Plaintiff's conspiracy claims, such conclusory allegations, devoid of any factual support, are mere "naked assertions" that fail to state a sufficient conspiracy claim. *Thompson*, 2006 WL 2793160 at *5. In sum, Defendant Gómez was not acting under color of state law; therefore, Plaintiff's claims against her warrant dismissal for this additional reason.

accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Harvey v. Daniels*, 625 F. App'x 499, 501 (11th Cir. 2015) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)) (internal quotation marks omitted).

The statute of limitations bars Plaintiff's claims. On March 6, 2013,[3] the Georgia Court of Appeals decided *Tew v. State*, which invalidated Plaintiff's sentence and thus formed the basis of this § 1983 lawsuit. *See Tew v. State*, 739 S.E.2d 423, 426-27 (Ga. Ct. App. 2013); [Doc. 43, at 4]; [Doc. 46, at 2]. Therefore, Plaintiff's cause of action accrued on March 6, 2013, at which point the facts underlying the present § 1983 suit should have been apparent "to a person with a reasonably prudent regard for his rights." *Harvey*, 625 F. App'x at 501. Thus, under Georgia's two-year statute of limitations, Plaintiff should have commenced this action prior to March 6, 2015.[4] *See* O.C.G.A. § 9-3-33. Because Plaintiff filed his Complaint on January 31, 2018, well outside the requisite two-year

---

[3] In his Amended Complaint, Plaintiff misstates *Tew*'s decision date: "[o]n March 26, 2013[,] the [Court of Appeals] confirm [sic] the sentence was illegal." [Doc. 4-1, at 1]. In his Response to Defendant Gomez's Motion to Dismiss [Doc. 46], however, Plaintiff mentions in passing *Tew*'s correct date, March 6, 2013. [Doc. 46, at 2] ("The Defendants [sic] . . . efforts to continue the actual fraud after March 6, 2013 . . ."). Irrespective of these conflicting statements, the Georgia Court of Appeals decided *Tew* on March 6, 2013. *See Tew v. State*, 739 S.E.2d 423, 423 (Ga. Ct. App. 2013).

[4] To the extent that Plaintiff attempts to reassert that his physical disabilities (several strokes and cataract-removal surgeries) tolled the statute, the Court notes, for a second time, that this argument is inapposite. [Doc. 4-1, at 1]; [Doc. 46, at 3]; *see* [Doc. 38, at 4 n.4]. Only intellectual disabilities toll the relevant statute of limitations. [Doc. 38, at 4 n.4].

6

window, the statute of limitations bars his claims.[5] [Doc. 1, at 1].

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Gómez's Motion to Dismiss [Doc. 43].

**SO ORDERED**, this 27th day of July, 2018.

       S/ Tilman E. Self, III
       **TILMAN E. SELF, III, JUDGE**
       **UNITED STATES DISTRICT COURT**

---

[5] As set forth in note 2, infra, the Court does not in any way suggest that Plaintiff had a viable cause of action against Defendant Gómez. The Court merely states that any claim resulting from the *Tew* decision must have been brought within two years.