# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RICHIE GREEN,<br><br>*Plaintiff*,<br><br>v.<br><br>KEAGAN WAYSTACK (f/k/a KEAGAN GOODRICH), DEBRA GÓMEZ, GREGORY BUSHWAY, and STEPHEN BRADLEY,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00042-TES |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

Plaintiff filed two Motions for Reconsideration [Docs. 42, 53] requesting that the Court reassess its Orders [Docs. 38, 40, 49] granting Defendants' Motions to Dismiss [Docs. 13, 18, 43] and denying Plaintiff's Motion to Amend the Complaint [Doc. 25]. For the reasons that follow, the Court **DENIES** Plaintiff's Motions for Reconsideration [Docs. 42, 53].

## DISCUSSION

**I.    Defendants' Motions to Dismiss [Docs. 13, 18, 43]**

First, the Court examines Plaintiff's request for reconsideration of the Orders [Docs. 38, 49] granting Defendants' Motions to Dismiss [Docs. 13, 18, 43].

A. Standard of Review

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.6, M.D. Ga.[1] Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

B. Plaintiff's Motions for Reconsideration [Docs. 42, 53]

While Plaintiff asks the Court to reconsider its Orders [Docs. 38, 49][2] granting Defendants' Motion to Dismiss [Docs. 13, 18, 43], he offers no basis for disturbing the

---

[1] This Court's local rules also state that "[t]he following motions may be considered by the Court immediately after filing: motions for extension of time, motions to exceed the page limitation, motions for hearings, motions to file surreply briefs, *motions which clearly have no basis in law, and such other motions as the Court may otherwise determine from the parties to be unopposed or in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto*." LR 7.7, MDGa (emphasis added).

[2] The Court previously found that the Eleventh Amendment, as well as the doctrine of prosecutorial immunity, shields Defendants Waystack, Bradley, and Bushway from suit, and, accordingly, dismissed Plaintiff's claims against them. [Doc. 38, at 11-14]. The Court further held that Defendants were not "persons" amendable to suit under § 1983, that Plaintiff failed to state a sufficient supervisory liability claim against Defendants Bradley and Bushway, and that Plaintiff failed to state a claim against Defendant Bushway. [Doc. 38, at 14-17].

Court's previous rulings. Plaintiff's Motions [Docs. 42, 53] fails to signal a change in the law, proffer novel evidence, or otherwise demonstrate that the Court's rulings are clearly erroneous and work manifest injustice. *See Bryant*, 2010 WL 2687590 at *1. Repeating the assertion that "Defendants violated the plaintiff's specific rights to a trial (Due Process), denied the right against self-incrimination, denied the right to effective counsel and denied the right against inhuman [sic] treatment," Plaintiff "improperly reargue[s] prior arguments" that fall well below the standard for reconsideration.[3] *Holt v. U.S.*, 249 F. App'x 753, 757 (11th Cir. 2007). Plaintiff also recycles the stale claim that "Defendants acted as legislators . . . [and] functioned outside of their official duties," a contention that the Court has explicitly found to be meritless. [Doc. 38, at 10-11]; *see also* [Doc. 42, at 4].

These claims are simply yet another attempt to relitigate old matters or reargue issues already settled by the Court. Thus, they do not merit reconsideration, and the Court's Orders dismissing all claims against Defendants Waystack, Bradley, Bushway [Doc. 38] and Gómez [Doc. 49] stand. *Smith*, 488 F. App'x at 428.

In his second Motion for Reconsideration [Doc. 53], Plaintiff makes the completely meritless argument that the Georgia Court of Appeals revealed a fraud. *See* [Doc. 53, at 1]. The circumstances surrounding this case show that the Georgia Court of Appeals, in

---

[3] Plaintiff also devotes a substantial portion of his motion to the contention that "the constructive intent and legal malice used with the fraud abrogates [Defendants'] qualified immunity." [Doc. 42, at 4]. The Court declines to address the substantive merits of this assertion, but notes that, because Plaintiff clearly marked the "official-capacity" boxes in his standard-form complaint, qualified immunity is not at issue here. [Doc. 4, at 2-3].

3

2013, ruled that Plaintiff's sentence of 15 years' probation under the First Offender Program in exchange for three counts of child molestation was illegal. *See Tew v. State*, 739 S.E.2d 423, 426-27 (Ga. Ct. App 2013) (holding that an individual convicted of a sex offense cannot be sentenced as a first offender under O.C.G.A. § 42-8-60). The Georgia Court of Appeals merely made a statutory interpretation that led to the invalidation of Plaintiff's sentence. *Id.* It is axiomatic that a higher court's interpretation of statutory text in no way, reveals fraud. Therefore, the Georgia Court of Appeals' subsequent ruling, to the contrary, in no way constitutes fraud on behalf of or between any of the Defendants.

In fact, "if [a] sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time." *Reynolds v. State*, 611 S.E.2d 750, 753 (Ga. Ct. App. 2005). Where a trial court misapprehends the law at the time it sentences a defendant, a defendant is, in most circumstances, entitled to have his sentence vacated and to be resentenced by a court that has a correct understanding of the possible range of punishments. *Id.* at 752. In this case, Plaintiff correctly brought to the superior court's attention the fact that, under *Tew*, he received an illegal sentence that was void under Georgia law. In response, to Plaintiff's motion, the superior court vacated his guilty plea. In short, the state legal system functioned exactly as it should in responding to an impermissible sentence.

Further, Plaintiff's argument that Defendants "failed in their fiduciary duty to notify the plaintiff that the sentence was illegal and plea agreement was fraudulent" and

4

concealed this ruling from him is also misguided. [Doc. 53, at 1]. This argument has no merit. There is nothing in the record to support a theory that the District Attorney, the supervising Assistant District Attorney, and the Assistant District Attorney assigned to Plaintiff's case, and his defense lawyer conspired or fraudulently induced Plaintiff to enter into a plea agreement (that was clearly more advantageous to the Plaintiff than allowed under Georgia law) at a time when no appellate court in Georgia has definitively held such a sentence to be illegal. It must be remembered that the Georgia Court of Appeals did not decide *Tew* until two years *after* Plaintiff entered his plea of guilty. Furthermore, as a citizen, Plaintiff himself is deemed to have equal opportunity and access to the decisions of the Georgia Court of Appeals.[4]

However, not only are Plaintiff's efforts to seek relief under contract law by citing to O.C.G.A. § 9-3-25 misplaced, reconsideration is inappropriate because there has been no intervening change in law, no newly discovered evidence, and the Court's ruling on the facts surrounding this case and the arguments presented do not further manifest injustice. *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010). *See* [Doc. 53, at 2] ("The Plaintiff seeks under contract law to recover from the Defendants

---

[4] The website for the Georgia Court of Appeals clearly states:
> All published opinions from the Court of Appeals are found in official advance sheets and in the Georgia Reports and Georgia Appeals Reports. These are accessible from online sources such as LexisNexis and Westlaw. They are also accessible at schools, libraries, and Government offices that have a public law library.

*Where & How to Locate: Lower-Court Records; Published Opinions; Unpublished Opinions; Various Court Documents, And; Archived Documents*; http://www.gaappeals.us/locating.php (last visited August 7, 2018).

on the grounds of fraudulent concealment."). Therefore, the Court **DENIES** Plaintiff's Motions for Reconsideration [Docs. 42, 53].

## II. Plaintiff's Motion to Amend [Doc. 25]

Plaintiff also seeks reconsideration of the Court's Order [Doc. 40] denying his Motion to Amend the Amended Complaint [Doc. 25]. As a preliminary matter, the Court notes that Plaintiff purportedly seeks *reconsideration* of the Court's denial of his Motion to Amend the Complaint [Doc. 25], which alleged violations of Title II of the Americans with Disabilities Act ("ADA"). [Doc. 25, at 1-2]; [Doc. 42, at 1]. However, the Motion for Reconsideration [Doc. 42] is silent as to these ADA claims. [Doc. 25, at 1-2; Doc. 25-1, at 4]. Rather than supplement his ADA allegations, "[t]he Plaintiff ask [sic] leave of the court to amend his compliant [sic] to include violation [sic] of O.C.G.A. 23-2-51 which is fraud." [Doc. 42, at 1]. [5] Thus, the Motion for Reconsideration [Doc. 42] raises, first the first time, detailed[6] factual *allegations* that Defendants committed fraud under Georgia law. [Doc. 42, at 1-3, 5]. Additionally, to the extent Plaintiff's second Motion for Reconsideration [Doc. 53] seeks a further attempt to amend his Complaint to include allegations of fraud, the Court construes such attempt as concurrent motion to amend. *See Boxer X v. Harris*,

---

[5] Here, Plaintiff's syntax in his first Motion for Reconsideration [Doc. 42] engenders confusion. It is unclear whether Plaintiff meant that he *has previously asked* to amend his Complaint to include fraud, or that he *currently asks* to amend his Complaint. Liberally construing this statement, the Court adopts the latter interpretation.

[6] In his earlier complaints, Plaintiff fleetingly mentions fraud just by stating the conclusory allegation that Defendants "defraud[ed] [him]" or "committed fraud." [Doc. 4, at 4]; *see also* [Doc. 53, at 1].

6

437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (italics in original).

Since the Court denies Plaintiff's Motions for Reconsideration [Docs. 42, 53], it effectively dismisses the federal claims over which it had original jurisdiction. Without these federal claims the Court no longer has subject matter jurisdiction over this case, due to a complete lack of diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it had original jurisdiction." In other words, district courts "ha[ve] the discretion to decline to exercise jurisdiction over the state law claims." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *see also* 28 U.S.C. § 1367(c)(3).

Again, due to Plaintiff's status as a *pro se* litigant, the Court construes the portions of Plaintiff's Motions for Reconsideration [Docs. 42, 53], regarding fraud, as two currently pending Motions to Amend the Complaint, which the Court **DENIES** on the basis that the Eleventh Circuit "ha[s] encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Therefore, the Court declines to exercise

supplemental jurisdiction over the state law claims[7] Plaintiff now seeks to add by way of his latest motion to amend, and any amendment, even if permitted, would likely be futile.[8]

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions for Reconsideration [Docs. 42, 53].

**SO ORDERED**, this 7th day of August, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[7] Even if the Court were to permit leave to amend, Plaintiff's purported amendment to add state law fraud claims via "O.C.G.A. § 23-2-51" (actual and constructive fraud; definitions) would still be rendered futile. [Doc. 42, at 1]. Under Georgia law, contrary to Plaintiff's argument relative to his claim of fraud, "actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues." O.C.G.A. § 9-3-33. As stated a pervious Order [Doc. 38], "Plaintiff's cause of action accrued on March 6, 2013, at which point the facts underlying the present [] suit should have been apparent "to a person with a reasonably prudent regard for his rights." *Harvey v. Daniels*, 625 F. App'x 499, 501 (11th Cir. 2015). Thus, under Georgia's two-year statute of limitations governing fraud claims for injuries to a person any amendment would be time-barred and therefore, futile. Plaintiff should have commenced any action for fraud against Defendants prior to March 6, 2015. *See* O.C.G.A. § 9-3-33.

[8] The trial court has "extensive discretion" in deciding whether to grant leave to amend. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Id*.